IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

                     Plaintiff,

                                   Crim. No. 5:14-CR-287 (FJS)
            v.                          (Hon. Frederick J. Scullin, Jr.)

**JOHN PRIANO**,

                      Defendants.

-------------------------------------------------------------------

## <u>DEFENDANT'S SENTENCING MEMORANDUM</u>

### A.       THE OFFENSE

On November 13, 2014, John Priano entered a plea of guilty to a single-count indictment charging that he possessed an unregistered firearm in violation of Title 26, United States Code, Section 5861(d).  This plea came about as a result of a plea agreement which was signed prior to his plea before this court after discussions took place with Assistant United States Attorney Tamara B. Thomson.

### B.       OFFENSE CONDUCT

The facts as set forth in the Presentence Investigation Report are not contested by John Priano.

### C.       BASE OFFENSE LEVEL

The defendant agrees with the use of the 2014 edition of the Guidelines Manual.  He

1

accepts that the United States Sentencing Commission Guideline for this offense is a base level of 18 per U.S.S.G. §2K2.1.

**D.      SPECIAL OFFENSE CHARACTERISTIC**

The defendant agrees that there are no Special Offense Characteristics that apply

**E.      ADJUSTMENT FOR ROLE IN THE OFFENSE**

The defendant agrees that there are no such adjustments that apply.

**F.      ADJUSTMENT FOR OBSTRUCTION OF JUSTICE**

The defendant agrees with the Presentence Investigation Report that this adjustment does not apply.

**G.      ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY**

The plea agreement provides that if the defendant continues to demonstrate "acceptance of responsibility" through the time of sentencing, the United States will recommend a 2 level downward adjustment pursuant to U.S.S.G. §3E1.1(a) and an additional 1 level downward adjustment pursuant to U.S.S.G. §3E1.1(b) based upon his timely plea, thereby permitting the Government to avoid preparing for trial and to allocate their resources efficiently.  The Presentence Investigation Report addresses these adjustments in paragraphs "21" and "22."  Mr. Priano joins in any motion to apply these adjustments.

**H.      CRIMINAL HISTORY CATEGORY**

The Presentence Investigation Report concludes that the defendant's criminal history point total is 3 pursuant to U.S.S.G. §4A1.1.  This would establish a Criminal History Category of II

2

according to the Sentencing Table in Chapter 5, Part A, with which the defendant agrees.

### I.  OFFENDER CHARACTERISTICS

Mr. Walker accepts the contents of the Presentence Investigation Report but wishes to stress that he is remorseful for his participation in this matter.  As he explained to the probation department, he bought the weapon in order to protect his family.  An individual known as Edward Lapoint had come to his home and made threats to his mother.  He acknowledges that he was motivated by that incident but that it was "pointless and stupid." (paragraphs "8" and "12")

### J.  ADJUSTMENT OF SENTENCE

Pursuant to U.S.S.G. §5G1.3(b)(1), where a defendant served a term of imprisonment resulting from another offense that is relevant conduct to the instant offense of conviction, the court shall adjust the sentence for any period of imprisonment already served and impose the sentence for the instant offense to run concurrently with the remaining portion of any undischarged sentence.

In the instant case, Mr. Priano was originally charged in state court for the same conduct that is before this court.  He was taken into custody on January 13, 2014, on the state case.  He was held continuously until he was charged in Federal District Court and was transferred to federal custody on July 1, 2014.  Therefore, he served 170 days in state custody on the instant charge (i.e. relevant conduct) before this court.  The state case was dismissed on December 11, 2014, after the defendant entered his plea of guilty in federal court.

Although he did not receive a state sentence on which this court could consider whether to impose a concurrent sentence, it is clear that he was charged in both state and federal court for the same conduct.  Since he was not in federal custody until July 1, 2014, he will not receive any credit from the Bureau of Prisons for the time from January 13, 2014, to July 1, 2014.

The defendant respectfully submits that he should be given credit for the 170 days held in custody and that this court may adjust his sentence accordingly to reflect that time.  Otherwise, the

3

court will achieve a result that is unfair and which serves to punish him doubly because of the sequence of events wherein he was originally charged in state court and subsequently charged in federal court after being held in custody for 170 days.

An adjustment will insure that he is not penalized twice for the same conduct.  In order for him to receive a fair sentence, it is appropriate for the Court to grant an adjustment to take into account the time he was held in custody on the state case.

In addition, Application Note 4(A) recognizes that the Court may consider a variety of factors in imposing a sentence, including [Note 4(A)(v)] "any other circumstance relevant to the determination of an appropriate sentence for the instant offense."  Reference is also made to §5K2.23 where the Court may consider a discharged sentence in achieving a reasonable result.

**K.**     **RECOMMENDATION FOR SENTENCING - NON-GUIDELINES SENTENCE**

The defendant respectfully requests that this Court impose a non-guideline sentence that will be "sufficient, but not greater than necessary" to fulfill the statutory requirements of sentencing as outlined in 18 U.S.C. § 3553(a).  The defendant requests that the court impose a non-guidelines sentence below the suggested range.  The Supreme Court in Gall v. United States, 128 S.Ct. 586 (2007), rejected mindless uniformity and recognized that a "deferential abuse-of-discretion standard could successfully balance the need to 'reduce unjustified disparities' across the Nation and 'consider every convicted person as an individual.' Id. At 598 n.8

The Gall Court not only used the terms "departure" and "variance" interchangeably, Gall, 128 S.Ct. at 594, 597, but also made no mention of the "heartland" concept or the guidelines' restrictions on consideration of individual characteristics.  This was so even though the case was all about a below-guideline sentence based on offender characteristics that the guidelines ignore or deem "not ordinarily relevant."  Gall, at 598-602.

A sentencing judge "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall, at 596. The Gall court continued:

4

> As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.[FN6] In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

Gall, 128 S.Ct. at 596-97.

See also Rita v. United States, 127 S.Ct. 2456 (2007).

A judge may hear arguments by the prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, USSG § 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless.

Since United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory and the district courts may impose sentences that are "reasonable" after considering all of the factors set forth in 18 U.S.C. §3553(a).  In Rita v. United States, 127 S. Ct. 2456 (2007), the Supreme Court stated that "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve §3553(a)'s objectives."  Id., at 2464-65.

The guidelines are not only not mandatory, they are not to be presumed reasonable.  U.S. v. Nelson, 129 S.Ct. 890 (2009).  The guidelines are a starting point or benchmark for determination of a reasonable sentence.  A district judge may not assume that a guidelines sentence is reasonable, but must make an individualized assessment based on the facts of the case.  (Gall, at 7).

5

A sentencing court, while having an obligation to consider the applicable advisory Guidelines range, need not "precisely identify" the factors set forth in 18 U.S.C. §3553(a) or the arguments "bearing on the implementation of those factors." United States v. Fernandez, 443 F.3d 19, 29 (2nd Cir. 2006).  "Consideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts." Fernandez, at 29.

In examining the court's flexibility to tailor sentences for each individual defendant, the Court in United States v. Jones, 460 F.3d 191, 195 (2nd Cir. 2006) stated:

> "Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness."

The goal in post-*Booker* sentencing is "that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." United States v. Crosby, 397 F.3d 103, at 114.

The court is not strictly bound by the policy statements (U.S.S.G. §5, Part H) that address the relevance of certain offender characteristics to the determination of whether a sentence should be outside the applicable guideline range.  Those offender characteristics, which according to the Guidelines are "not ordinarily relevant," are the very factors that sentencing judges have traditionally examined and applied when determining an appropriate sentence: the defendant's age, educational and vocational skills, mental and emotional condition, physical condition, including drug or alcohol dependence or abuse, employment record, and family ties and responsibilities.  We respectfully submit that the court may consider those factors when determining, as it is required to do, whether a Guidelines sentence is "reasonable" and/or whether the court should impose a non-guidelines sentence.  United States v. Crosby, 397 F.3d 103, 114-115.

6

Mr. Priano is currently 20 years old.  He has lived in Solvay for his whole life.  His living situation was unstable.  His mother was 16 when he was born.  She was ill-equipped to take care of him at that time and he was "bounced around a lot," most often living with his grandmother.  He does not know who his father is and has not had a positive male influence in the home during his upbringing. He dropped out of Solvay High School after completing the 9th grade because he was behind with his school work and was bored.  He has since obtained his GED.

He has shown an ability to be gainfully employed in the past, so he has the ability to work and make positive strides in his life.  At the time of this offense, however, he was out of work.  He lost his last job at the Fish Cove because he could not obtain reliable transportation to get to work.  I am advised that one William Fox has an assistant manager's position available for John when he is released.

Although the Presentence Investigation Report mentions other possible instances of illegal behavior, John was not charged in any of those matters.  There is mention of a robbery of Mr. Laplant's cousin.  However, no complaint was filed and no charges were brought against Mr. Priano.  He denies involvement in any such matter.  In fact, Edward Laplant came to my client's home and threatened his mother.  That activity did result in a complaint to the police against Mr. Laplant who is alleged to be a known drug dealer.  Unfortunately, it also was the motivation for Mr. Priano to obtain the weapon in this case in order to protect his family.

Mr. Priano's grandmother is disabled from an automobile accident.  He would like to return to the work force so that he can assist his family both physically and financially.  At the time of this incident he was living with his mother and grandmother in Solvay and may return there when permitted to do so.

He is currently housed at the Oneida County Jail.  As a federal prisoner he is not eligible for many of the programs that are available to other inmates at that facility.  His time in federal custody has been served under less desirable conditions than those existing in a federal facility where he

7

could have continued to maintain a counseling program, study a vocation and improve his skills. The defendant submits that this may be considered by the Court in determining whether to impose a non-guideline sentence.

The defendant requests that this court consider a sentence which will allow him to return to the community upon appropriate conditions of supervision. He is willing to participate in a drug treatment program as may be recommended by the court. It is further submitted that his rehabilitation may best be addressed in the community. He also agrees to the forfeiture of the weapon in this case.

It is respectfully submitted that this Court impose a fair sentence under all of the circumstances giving appropriate consideration to all of the sentencing factors set forth in 18 U.S.C. §3553(a).

Dated:  March 31, 2015

Respectfully submitted,

𝔗𝔥𝔬𝔪𝔞𝔰 𝔚. 𝔕𝔶𝔞𝔫

THOMAS W. RYAN
Attorney for **John Priano**
1200 Hills Building
217 Montgomery Street
Syracuse, New York 13202
(315) 476-0781
USDC# 102315

8