IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

        v.                             Criminal No.: 5:14-CR-0287 (FJS)

JOHN D. PRIANO,

                         Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE

On July 10, 2017, defendant John D. Priano filed a motion to terminate supervised release term, pursuant to Title 18, United States Code, Section 3583(e) and Fed. R. Crim. P. 32.1(c)(2)(C). For the reasons set forth below, the Court should deny the defendant's motion.

**I**.      **Factual background**

On November 13, 2014, the defendant pled guilty to a single-count Indictment charging him with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. On April 27, 2015, the Court sentenced the defendant to a term of incarceration of 21 months and a three-year term of supervised release.

**II.**      **The defendant's motion**

Having served more than a year of supervised release, the defendant now moves for early termination of supervised release, pursuant to 18 U.S.C. § 3583(e).   Section 3583 provides in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
>     (1) Terminate a term of supervised release and discharge the defendant

1

> released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Section 3583(e) requires the Court to consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for a sentence imposed-
> ***
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant;
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> ***
> (4) the kinds of sentence and the sentencing range established by [the United States Sentencing guidelines]—
> (5) any pertinent policy statement {issued by the Sentencing Commission};
> ***
> (6) the need to avoid unwarranted sentence disparities among similar defendants with similar records who have been found guilty of similar conduct; and
> ***
> (7) the need to provide restitution to victims of the offense.

The decision whether to grant early termination of supervised release under 18 U.S.C. §3583(e)(1) rests with the discretion of the district court.  *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

The essence of the defendant's motion is that he has reached his goals of supervision and no further supervision is needed; that he meets all of the statutory criteria supporting early termination of supervision; that he meets the probationary policy considerations; that he is almost zero risk to reoffend; and that similar defendants from New York State have been granted early termination of supervision.   In conclusory fashion, the defendant asserts "the interests of justice are served by granting this request."  *See* Def. Mot., Doc. 33, p. 1.   There is no evidentiary

2

support for defendant's bald assertions.

### III.   Early termination of supervision is not warranted by the conduct of the defendant and is not in the interest of justice

Early termination of supervision is not warranted as a matter of course for a defendant who is in compliance with his or her term of supervision.  *See United States v. Rusin,* 105 F.Supp.3d 291, 292 (S.D.N.Y. March 25, 2015) (*citing to United States v. Gerritson,* No. 01 cr. 1081, 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004)). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant … - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Lussier,* 104 F.3d at 36.   Early termination is not warranted where a defendant did nothing more than that which he was required to do by law. *See United States v. Medina*, 17 F.Supp.2d 245, 247 (S.D.N.Y.1998) ("[u]nblemished" conduct while under supervision cannot alone be classified as "exceptional" and "cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule."); *see also United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J.2003) ("[m]erely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation, rather this is simply what is expected of Defendant.")   "[F]ull compliance with the terms of supervised release is what is expected of [a releasee] … and does not warrant early termination."  *United States v. Rasco,* 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).   Courts have noted that even model conduct while in prison and full compliance with the terms of supervised release is what is expected of a person under supervised release and does not warrant early termination. *See United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y. 2005). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition

3

to full compliance. *See United States v. Etheridge*, 999 F.Supp.2d 192, 196 (D.D.C. 2013)(finding early termination appropriate where the defendant successfully completed substance abuse treatment, satisfied all financial obligations and participated in mental health programs as directed by his probation officer, he had been drug free for six years and had held a job as a scheduler at a well-regarded non-profit organization for more than five years, and had recently been promoted to a position that required travel on short notice, which he could not do on supervised release).

### A.    Defendant has met the expectations of probation and nothing more.

During the term of supervision, the defendant has had no violations of supervision reported to the Court or filed on the Court's docket.   *See* Dkt. 5:14-cr-00287 (FJS).   In short, he has had unblemished conduct while on supervision.   However, the defendant has not proffered any way in which he has excelled during the term of supervision, or that he has had exceptionally good behavior.   Meeting the expectations of probation is not a basis to grant early termination. Defendant has not established that supervision is unduly burdensome, nor that early termination would be in the interest of justice

### B.    The nature of the offense of conviction.

The nature of the offense of conviction also counsels against early termination of supervision.   The defendant was found guilty of possession of an unregistered firearm.   The facts of the offense include the fact that the defendant was on probation with the Onondaga County Probation Department for a conviction for Petit Larceny. *See* PSR, ¶6.   As a condition of probation, he was subjected to a search condition of his residence and vehicles.   *Id.*   During the search, probation officers found marijuana in the residence, together with a digital scale.   *Id.*   The

defendant's vehicle was subsequently searched, and located therein was a firearm. *Id.* at ¶7.   At the time, the defendant remarked that he bought the firearm to protect his family. *Id.* at ¶8.   Police records state that the defendant was known to the police as a "drug dealer" and there were complaints of robberies by and between the defendant and another known drug dealer.   *Id.* at ¶12.

The sentence imposed, including a three-year term of supervised release, was appropriate in view of the nature of the offense and the need for the sentence to deter criminal conduct and protect the public from further crimes of defendant.   *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C).   Defendant has made no showing of any change in circumstances since the time of sentencing such as would warrant reconsideration of the term of supervision.

## CONCLUSION

Termination of supervised release is not warranted by defendant's conduct or in the interest of justice.   The government respectfully requests that the defendant's Motion to Terminate Supervision be **DENIED.**


Dated:  July 21, 2017                              Respectfully submitted,

                                                   GRANT C. JAQUITH
                                                   ACTING UNITED STATES ATTORNEY


                                          By:      */s/ Tamara. B. Thomson*
                                                   Tamara B. Thomson
                                                   Assistant U. S. Attorney
                                                   Bar Roll Number: 515310